STANLEY GOFF (Bar No. 289564)
LAW OFFICE OF STANLEY GOFF
15 Boardman Place Suite 2
San Francisco, CA 94103
Telephone: (415) 571-9570
Email: scraiggoff@aol.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW WILSON AND JOSHUA BARNES;<br><br>　　　Plaintiffs,<br><br><br>v.<br><br><br>CITY OF OAKLAND, CALIFORNIA HIGHWAY PATROL AND DOES 1-25<br><br><br>　　　Defendants. | CASE NO.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>Violation of Plaintiff's Fourth Amendment Rights 42 U.S.C §1983 (***Excessive Force***);<br><br>Violation of Plaintiff's Fourth Amendment Rights 42 U.S.C §1983 (***Unlawful Detention***);<br><br>3. Battery<br>4. Bane Act Violation<br>5. Negligence<br><br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

1

Plaintiff, demanding a jury trial, brings this action against Defendants CITY OF OAKLAND, OAKLAND POLICE OFFICER DOE, CALIFORNIA HIGHWAY PATROL OFFICERS DOES 1-2, inclusive, for general, consequential, compensatory, punitive and statutory damages, costs and attorneys' fees resulting from defendants' unconstitutional and tortious conduct, and as grounds therefore allege as follows:

## I. PARTIES

1.  Plaintiff Matthew Wilson was at all times relevant to this complaint, living in the City of Oakland, which is located within the Northern District of California.

2.  Plaintiff Joshua Barnes was at all times relevant to this complaint, living in the City of Oakland, which is located within the Northern District of California.

3.  Defendant City of Oakland is a legal entity established under the laws of the state of California with all the powers specified and necessarily implied by the Constitution and laws of the State of California, and is a municipality located within the Northern District of California.

4.  Defendant DOE Oakland Police Officer was employed by Defendant City of Oakland as a police officer at the time of the incident in question. This Defendant is being sued in his individual capacity.

5.  Defendant California Highway Patrol Officers DOES 1-2 were employed by the California Highway Patrol as patrol officers at the time of the incident in question. These Defendants are being sued in their individual capacities.

6.  All defendants acted under the color of law as it pertains to this complaint.

2

## II. JURISDICTION AND VENUE

7.   This action is brought pursuant to 42 U.S.C. §§ 1983, 1988 and 12132 and the Fourth and Fourteenth Amendments to the United States Constitution, made applicable to Defendants through the Fourteenth Amendment to the United States Constitution. This Court has jurisdiction over plaintiffs' claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a). This Court has further jurisdiction over plaintiffs' state law claims under 28 U.S.C. § 1367 as those claims form part of the same case and controversy under Article III of the United States Constitution.

8.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the events giving rise to this action occurred in Alameda County, which is located in this district.

## III. STATEMENT OF FACTS

9.   On December 5, 2019 Plaintiffs Matthew Wilson and Joshua Barnes were driving in a rental car in the City of Oakland and stopped at a local store to buy something to eat. They parked the car in the store parking lot and went inside to purchase some items.

10. While the Plaintiffs were inside the store, a car burglar and his accomplice drove into the parking lot next to the Plaintiffs' vehicle and broke the side window, stealing some items out of the rental car and drove away.

11.  When the Plaintiffs came out of the store, they discovered that the rental car had been broken into and the back passenger side window was completely shattered.

12. The Plaintiffs did not want to drive around the City of Oakland in car with a broken window and decided to take the car back to the rental company located at the San Francisco Airport to trade the vehicle in for a different rental car.

3

13. While in route to get on the nearest freeway onramp to drive to the airport, Oakland Police Officer DOE 1, pulled up behind the Plaintiffs in an unmarked police vehicle and followed the Plaintiffs on the freeway.

14. During the time that the Oakland DOE officer was following the Plaintiffs on the freeway, it is alleged based on reasonable belief, that the Oakland DOE officer radioed ahead to the California Highway Patrol, who in turn dispatched the Defendant California Highway Patrol DOE 1-2, who joined in monitoring the Plaintiffs while they were driving on the freeway.

15. The Plaintiffs were subsequently signaled to pull over by one or both of the California Highway Patrol Defendants and the Plaintiffs immediately pulled over to side of the freeway.

16. All three Defendants then parked their cars behind the Plaintiffs' vehicle and pointed their weapons at the Plaintiffs, ordering them to exit their vehicle with their hands up over their heads and to walk backwards slowly toward the officers.

17. Upon Plaintiff Matthew Wilson reaching one of the Defendants, he was placed in tight fitting handcuffs and placed in the back of patrol car.

18. Upon Plaintiff Joshua Barnes reaching one of the Defendants, he asked why was he and Wilson being detained. Plaintiff was then slammed to the ground with extreme force and his face was pressed into the ground while the other Defendants looked on and did not intervene and provided armed backup to this conduct taking place. The Plaintiff was then handcuffed in tight fitting handcuffs.

19. Plaintiff Joshua Barnes was then thrown into the back of a patrol car and the door of the car was slammed into his knee.

4

20. Both Plaintiffs experiencing extreme pain from their handcuffs being too tight and both Plaintiffs repeatedly complained of their handcuffs being too tight for period of an hour or more and asked the Defendants to loosen their handcuffs during this period. The Defendants refused the Plaintiffs' request to loosen their handcuffs.

21.  Both Plaintiffs experiencing extreme pain from their handcuffs being too tight, while being detained in the back of patrol cars for over an hour.

22. During the time that the Plaintiffs were handcuffed and confined in the back of the patrol cars, the Defendants conducted a search of the rental vehicle and ran a check on the license plate. It was determined that the vehicle was not stolen and that the rental car was in Matthew Wilson's name. This search and the check on the license plate took of about 15-20 minutes.

23. The remainder of the time that the Plaintiffs were detained for over an hour, the Defendants were simply standing around and talking to each other, while the Plaintiffs were enduring pain.

24. The Plaintiffs were subsequently released from their detention and Joshua Barnes was ordered to appear to court to take care of warrant that he had pertaining to past moving violation.

25. Plaintiffs filed timely government claims against both the City of Oakland and the State of California pursuant to California Government Code §910, et seq in May 2020. Plaintiffs' claims were subsequently rejected by both entities in August 2020.

1

2
## IV. CAUSES OF ACTION
### FIRST CLAIM
3
(**Violation of Plaintiff's Fourth Amendment Rights 42 U.S.C §1983** *Excessive Force*)

4
***Removal from Rental Car at Gunpoint***

5
26. Plaintiff incorporates herein by reference the preceding paragraphs 1-25 of this complaint

6
as fully set forth herein, that Defendants, acting under color of law, used unreasonable and

7
excessive force, by deliberately and intentionally pointing loaded firearms at the Plaintiffs. (i)

8
Plaintiffs had not committed any crime. (ii) Plaintiffs were unarmed; (iii) Plaintiffs did not pose

9
any threat to any of the defendants or bystanders; (iv) Plaintiffs were not attempting to flee or

10
evade arrest, (v) other alternative methods were available to effectuate a seizure.

11
***Abuse Suffered by Joshua Barnes***

12
27. That Defendants, acting under color of law either as principal actors or integral

13
participants, used unreasonable and excessive force against Joshua Barnes, by deliberately and

14
intentionally slamming the Plaintiff to the ground with extreme force and pressing his face into

15
the ground and then subsequently slamming a patrol car door into his knee. (i) Plaintiff had not

16
committed any crime. (ii) Plaintiff was unarmed; (iii) Plaintiff did not pose any threat to any of

17
the defendants or bystanders; (iv) Plaintiff was not attempting to flee or evade arrest, (v) other

18
alternative methods were available to effectuate a seizure.

19

20

21

22

23
6

*Placed in Tight Fitting Handcuffs*

28. That Defendants, acting under color of law, used unreasonable and excessive force, by deliberately and intentionally placing the Plaintiffs in tight fitting handcuffs and refusing to loosen these handcuffs, despite repeated complaints made by the Plaintiffs that the handcuffs were too tight and causing them pain. (i) Plaintiffs had not committed any crime. (ii) Plaintiffs were unarmed; (iii) Plaintiffs did not pose any threat to any of the defendants or bystanders; (iv) Plaintiffs were not attempting to flee or evade arrest, (v) other alternative methods were available to effectuate a seizure.

29. Because the above acts were performed in a malicious, and/or oppressive manner, Plaintiffs are entitled to recover punitive damages from the named Defendants Officers in an amount according to proof.

**SECOND CLAIM**
(**Violation of Plaintiff's Fourth Amendment Rights 42 U.S.C §1983** *Unlawful Detention*)

30. Plaintiff incorporates herein by reference the preceding paragraphs 1-29 of this complaint as fully set forth herein.

31. That Defendants caused the Plaintiffs to be detained in an unreasonable manner.

32. The Plaintiffs were forced to be detained with their hands cuffed behind their backs in tight fitting handcuffs, causing them pain in their wrists.

33. That this manner of detention was demoralizing, humiliating and lasted for prolonged period of time and caused unnecessary pain.

34. The acts of Defendants constituted a violation of the Fourth Amendment to the

7

Constitution of the United States.

35. Because the above acts were performed in a malicious, and/or oppressive manner, Plaintiffs are entitled to recover punitive damages from the named Defendants Officers in an amount according to proof.

### THIRD CLAIM
### (**Battery**)

36. Plaintiff incorporates herein by reference the preceding paragraphs 1-35 of this complaint as fully set forth herein.

*Removal from Rental Car at Gunpoint*

37. That Defendants committed a battery by deliberately and intentionally pointing loaded firearms at the Plaintiffs. (i) Plaintiffs had not committed any crime. (ii) Plaintiffs were unarmed; (iii) Plaintiffs did not pose any threat to any of the defendants or bystanders; (iv) Plaintiffs were not attempting to flee or evade arrest, (v) other alternative methods were available to effectuate a seizure.

*Abuse Suffered by Joshua Barnes*

38. That Defendants committed a battery against Joshua Barnes, by deliberately and intentionally slamming the Plaintiff to the ground with extreme force and pressing his face into the ground and then subsequently slamming a patrol car door into his knee. (i) Plaintiff had not committed any crime. (ii) Plaintiff was unarmed; (iii) Plaintiff did not pose any threat to any of the defendants or bystanders; (iv) Plaintiff was not attempting to flee or evade arrest, (v) other alternative methods were available to effectuate a seizure.

1

2  ***Placed in Tight Fitting Handcuffs***

3    39. That Defendants committed a battery, by deliberately and intentionally placing the

4  Plaintiffs in tight fitting handcuffs and refusing to loosen these handcuffs, despite repeated

5  complaints made by the Plaintiffs that the handcuffs were too tight and causing them pain. (i)

6  Plaintiffs had not committed any crime. (ii) Plaintiffs were unarmed; (iii) Plaintiffs did not pose

7  any threat to any of the defendants or bystanders; (iv) Plaintiffs were not attempting to flee or

8  evade arrest, (v) other alternative methods were available to effectuate a seizure.

9    40. Defendants Oakland Police Officers and Highway Patrol Officers are liable for all injuries

10  caused by their acts, to the same extent as a private person pursuant to California Government

11  Code Section 820(a).

12    41.  Defendants as public employees are not exonerated or immune from liability for Battery

13  for causing the Plaintiff to suffer harm pursuant to California Government Code Section 820.8.

14    42. Because Defendant Oakland Police Officer was acting as an employee of the City of

15  Oakland at the time of the incident, and because he was acting within the scope and course of his

16  employment and under the direct control and supervision of the City of Oakland at the time of

17  the incidents in question, Oakland is liable to the Plaintiff for Battery pursuant to California

18  Government Code §815.2.

19    43. Because Defendant Highway Patrol Officers were acting as an employee of the State of

20  California at the time of the incident, and because they were acting within the scope and course

21  of their employment and under the direct control and supervision of the State of California at the

22  time of the incidents in question, the State of California is liable to the Plaintiff for Battery

23

9

pursuant to California Government Code §815.2.

**FOURTH CLAIM**
**(BANE ACT VIOLATION )**

44. Plaintiffs incorporate herein by reference the preceding paragraphs 1-43 of this complaint as fully set forth herein.

45. Defendants interfered with Plaintiffs' Fourth Amendment right to be free from the unlawful seizure of their person through the exercise of excessive force.

46. That upon observing Defendants using excessive force upon their person, the Plaintiffs reasonably believed that if they exercised their right to be free from the unlawful use of excessive force upon their person, that Defendants would commit violence against them.

47. That Defendants injured the Plaintiffs to prevent them from exercising these rights.

48. That Plaintiffs was harmed because they suffered physical injuries, as well as severe emotional stress as a result of the violent acts imposed on them by Defendants and;

49. Defendants' use of excessive force to prevent the Plaintiffs from exercising their rights was a substantial factor in causing their harm.

50. Because Defendant Oakland Police Officer was acting as an employee of the City of Oakland at the time of the incident, and because he was acting within the scope and course of his employment and under the direct control and supervision of the City of Oakland at the time of the incidents in question, Oakland is liable to the Plaintiff for Bane Act Violation pursuant to California Government Code §815.2.

10

51. Because Defendant Highway Patrol Officers were acting as an employee of the State of California at the time of the incident, and because they were acting within the scope and course of their employment and under the direct control and supervision of the State of California at the time of the incidents in question, the State of California is liable to the Plaintiff for Bane Act Violation pursuant to California Government Code §815.2.

## FIFTH CLAIM
### (**Negligence**)

52. Plaintiffs incorporate herein by reference the preceding paragraphs 1-51 of this complaint as fully set forth herein.

53. By virtue of the foregoing, Defendants owed Plaintiffs a duty of due care and that this duty was breached by the Defendants' failure to exercise due care in their handling of the Plaintiff as set forth above in this complaint.

54. As a direct and proximate cause of the aforementioned acts of Defendants, Plaintiffs were injured as set forth above and is entitled to compensatory damages according to proof at the time of trial.

55. Defendants are liable for all injuries caused by their acts, to the same extent as a private person pursuant to California Government Code Section 820(a).

56. Defendants as public employees are not exonerated or immune from liability for negligence for causing the Plaintiff to suffer harm pursuant to California Government Code Section 820.8.

11

57.  Because Defendant Oakland Police Officer was acting as an employee of the City of Oakland at the time of the incident, and because he was acting within the scope and course of his employment and under the direct control and supervision of the City of Oakland at the time of the incidents in question, Oakland is liable to the Plaintiff for Negligence pursuant to California Government Code §815.2.

58. Because Defendant Highway Patrol Officers were acting as an employee of the State of California at the time of the incident, and because they were acting within the scope and course of their employment and under the direct control and supervision of the State of California at the time of the incidents in question, the State of California is liable to the Plaintiff for Negligence pursuant to California Government Code §815.2.

## V. PRAYER FOR RELIEF

Plaintiffs pray for judgment against defendants as follows:

1. For compensatory damages and other special damages according to proof;
2. For general damages according to proof;
3. For punitive damages against all individual defendants according to proof;
4. The prejudgment interest at the legal rate according to proof;
5. For costs and reasonable attorneys' fees as provided by law; and
6. For such other relief as the Court may deem fit and proper.

## VI. JURY DEMAND

Plaintiffs demand a jury trial in this action.

LAW OFFICE OF STANLEY GOFF

Dated: May 17, 2021                    _____/s/ Stanley Goff_____
                                        STANLEY GOFF
                                        Attorney for Plaintiffs

12