1

2

3

4                    IN THE UNITED STATES DISTRICT COURT

5                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

6

7   MATTHEW WILSON and JOSHUA          Case No.  21-cv-03824-MMC
    BARNES,
8                                      ORDER GRANTING DEFENDANT
            Plaintiffs,                CALIFORNIA HIGHWAY PATROL'S
9                                      MOTION TO DISMISS; VACATING
        v.                             HEARING
10
    CITY OF OAKLAND, CALIFORNIA
11  HIGHWAY PATROL AND DOES 1-25,

12          Defendants.

13

14          Before the Court is defendant California Highway Patrol's ("CHP") Motion to

15   Dismiss, filed December 21, 2021.  Plaintiffs Matthew Wilson and Joshua Barnes have

16   filed a Response, to which the CHP has replied.  Having read and considered the papers

17   filed in support of and in response to the motion, the Court deems the matter appropriate

18   for determination on the parties' respective written submissions, VACATES the hearing

19   scheduled for January 28, 2022, and rules as follows.

20          In their complaint, plaintiffs allege that, while they were driving on December 5,

21   2019, they were pulled over by CHP officials, as well as by a City of Oakland police

22   officer.  According to plaintiffs, they subsequently were subjected to excessive force and

23   an unlawful detention, in violation of 42 U.S.C. § 1983, as well as in violation of state law.

24          By the instant motion, the CHP argues the claims against it are subject to

25   dismissal, for the reason that, "in the absence of consent[,] a suit in which the State or

26   one of its agencies or departments is named as the defendant is proscribed by the

27   Eleventh Amendment, . . . regardless of the nature of the relief sought."  See Pennhurst

28   State School & Hospital v. Halderman, 465 U.S. 89, 101 (1984); Will v. Michigan Dep't of

United States District Court
Northern District of California

1   State Police, 491 U.S. 58, 66 (1989) (holding Eleventh Amendment precludes claims

2   under § 1983 against state and state agencies in "a federal forum").  In their response to

3   the instant motion, plaintiffs state no disagreement with the proposition that the Eleventh

4   Amendment would bar claims against the CHP.  Instead, plaintiffs take the position that

5   the instant motion is "irrelevant and moot" (see Pls.' Response at 5:14-15), as, according

6   to plaintiffs, they "have not brought any claim directly against CHP" (see id.).[1]  The Court

7   is not persuaded.

8        Plaintiffs have named the CHP as a "defendant" in the caption (see Doc. No. 1 at

9   1), obtained from the Clerk of Court and served on the CHP a summons naming the CHP

10  as a "defendant" and directing the CHP to "serve on the plaintiff an answer . . . or a

11  motion under Rule 12 of the Federal Rules of Civil Procedure" (see Doc. Nos. 11, 19-1),

12  and have asserted each of their claims, without further distinction, against "defendants"

13  (see Compl. ¶¶ 26, 31, 37, 45, 53; see also Compl. ¶ 58 (alleging "the State of California

14  is liable to the Plaintiff[s] for Negligence").)

15       Accordingly, plaintiffs having brought their claims against the CHP and those

16  claims being barred, see Pennhurst State School & Hospital, 465 U.S. at 101, the CHP's

17  motion to dismiss is hereby GRANTED.

18       **IT IS SO ORDERED.**

19

20  Dated: January 25, 2022

21                                              MAXINE M. CHESNEY
                                                United States District Judge

22

23

24

25

26  ───────────────────
        [1] Plaintiffs note they have brought claims against "California Highway Patrol
27  Officers Does 1-2" (see Compl. ¶ 5) and assert they intend to seek discovery to learn
    their  identities.  As the CHP does not seek dismissal of plaintiffs' claims against the Doe
28  defendants, the Court does not further address plaintiffs' claims against those individuals.