IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW WILSON, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>KEVIN DOMBY, et al.,<br><br>  Defendants. | Case No. 21-cv-03824-MMC<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

Before the Court is the Motion for Summary Judgment, filed June 30, 2023, by Defendants California Highway Patrol Lieutenant Kevin Domby, Officer Sean Deise, and Officer Jose Ortega. Plaintiffs Mathew Wilson and L.M., as successor-in-interest to Joshua Barnes, have filed opposition, to which Defendants have replied. The matter came on regularly for hearing August 11, 2023. Stanley Goff of the Law Office of Stanley Goff appeared on behalf of Plaintiffs. Amy W. Lo, Deputy Attorney General, Office of the Attorney General of California, appeared on behalf of Defendants. Thereafter, with leave of court, the parties filed supplemental briefing. The Court, having read and considered the parties' respective written submissions, including the supplemental briefing, and having considered the arguments made by counsel at the hearing, rules as follows.

First, on the question of whether Defendants violated Plaintiffs' Fourth Amendment rights, the Court finds, for the reasons stated on the record at the hearing, there exists, on the facts presented to date, a triable issue as to whether Defendants acted reasonably in their use of intrusive methods to effectuate a Terry stop of the subject vehicle and its occupants. See Terry v. Ohio, 392 U.S. 1 (1968).

Second on the question of qualified immunity, the Court finds, for the reasons

1  stated on the record at the hearing, that, at the time of the events here, the law was
2  clearly established that "highly intrusive measures may not be used" during a Terry stop
3  "absent extraordinary circumstances," see Green v. City and County of San Francisco,
4  751 F.3d 1039, 1052 (9th Cir. 2014) (citing Washington v. Lambert, 98 F.3d 1181, 1192-
5  1193 (9th Cir. 1996)); see also id. at 1047 (referring to "drawing weapons and using
6  handcuffs" during stop as "highly intrusive").  It was further established that, "if the Terry-
7  stop suspects are cooperative and the officers do not have specific information that they
8  are armed or specific information linking them to a recent or inchoate dangerous crime,
9  the use of . . . highly intrusive tactics is not warranted, at least when . . . there are no
10 other extraordinary circumstances" sufficient to "justify such extraordinary procedures in
11 order to ensure the officers' safety," see id. at 1052 (internal quotation and citation
12 omitted); see also id. at 1048 (holding "the fact that [the plaintiff] was stopped on
13 suspicion of a stolen vehicle does not by itself demonstrate that [he/she] presented a
14 danger to the officers").  Given such established governing authority, the Court cannot
15 find, as a matter of law on the facts presently before it, Defendants had a "reasonable
16 belief that the conduct in question conformed to the established law."  See id. at 1052.
17 Consequently, defendants have not shown they are entitled to qualified immunity.
18     Accordingly, the motion for summary judgment is hereby DENIED.
19     **IT IS SO ORDERED.**

21 Dated: August 18, 2023

             MAXINE M. CHESNEY
             United States District Judge