IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW WILSON, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>KEVIN DOMBY, et al.,<br><br>　　　　Defendants. | Case No. 21-cv-03824-MMC<br><br>**ORDER STAYING CASE; VACATING TRIAL AND PRETRIAL CONFERENCE DATES** |

On August 18, 2023, the Court denied defendants' motion for summary judgment, finding defendants had not shown they were entitled to qualified immunity. On September 14, 2023, defendants filed a "Notice of Appeal of Order Denying Defendants' Motion for Summary Judgment."

Upon the filing of an interlocutory appeal of an order denying qualified immunity, "the district court is automatically divested of jurisdiction to proceed with trial pending appeal." See Chumash v. Wright, 960 F. 2d 104, 105 (9th Cir. 1992).[1]

Accordingly, the above-titled action is hereby STAYED, pending resolution of defendants' interlocutory appeal, and, in light thereof, the October 16, 2023, trial date and September 19, 2023, Pretrial Conference are hereby VACATED.

**IT IS SO ORDERED.**

Dated: September 15, 2023

　　　　　　　　　　　　　　　　　　　　MAXINE M. CHESNEY
　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[1] On September 14, 2023, after the Notice of Appeal was filed, plaintiffs filed an "Objection to Defendants' Notice of Appeal Pursuant to § 1292(b)," wherein plaintiffs argue the Notice of Appeal should be stricken, for the asserted reason that the Court did not certify, pursuant to 28 U.S.C. § 1292(b), the order denying summary judgment as appropriate for interlocutory appeal. Plaintiffs' objection is hereby OVERRULED, as a defendant appealing an order denying a motion for summary judgment brought on qualified immunity grounds need not obtain such certification. See Mitchell v. Forsyth, 472 U.S. 511, 530 (1985) (holding order denying qualified immunity is appealable as "final decision" under 28 U.S.C. § 1291).